Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MATTHEW COLIN BAUER,<br><br>　　　　　Defendant. | NO. 3:05-cr-0004-RRB<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO CORRECT SENTENCE** |

　　　　Matthew Bauer received a sentence of 60 months from this court as the result of a marijuana grow on his property in Soldotna.  He also forfeited his home and land to the government.

　　　　At the time of sentence, Mr. Bauer had served approximately 14 months based on a supervised release revocation for the same conduct charged in this criminal case.  In the court's amended judgment (Docket 33), the court set the commencement of the sentence on January19, 2005, the date the indictment was filed, rather than the date

of the judgment. The amended judgment basically gave Mr. Bauer credit for 245 days already served before the sentence was imposed.

However, the Bureau of Prisons is not recognizing this court's amended judgment. According to the warden's interpretation of law and rules, the Bureau of Prisons will only recognize that a sentence begins on the date on which it is imposed. This is reflected in Exhibit A, letter from Warden Compton. Thus the Bureau of prisons is requiring Mr. Bauer to serve 245 more days than this court intended. (See Exhibit B, computational sheet.)

Criminal Rule 36 permits the court to correct an error "arising from oversight or omission" without regard to time limitations. At the time of Mr. Bauer's sentencing and at the time of the amended judgment, counsel and the court did not have knowledge of the Bureau of Prisons policy. Thus counsel and the court were exercising "oversight or omission." This problem can be corrected now if the court sentences Mr. Bauer to 60 months minus 245 days. The Ninth Circuit has stated that the purpose of Rule 36 is to "conform the sentence so the term which the record indicates was intended." United States v. Kaye, 739 F.2d 488, 490 (9th Cir. 1984), Order Concerning Sentence, 763 F.2d 1115 (9th Cir. 1985).

The requested correction will give effect to the court's intent within the parameters of the policies of the Bureau of Prisons. In addition, according to counsel's correspondence, the requested correction will enable Mr. Bauer to begin the Drug and Alcohol Program immediately.

For the foregoing reasons, thedefense respectfully requests this court to enter a second amended judgment reducing Mr. Bauer's sentence by 245 days.

DATED this 20th day of November 2006.

Respectfully submitted,

/s/Sue Ellen Tatter
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:    907-646-3400
Fax:    907-646-3480
E-Mail:    sue_ellen_tatter@fd.org

Certification:
I certify that on November 20, 2006,
a copy of the *Memorandum in Support
of Motion to Correct Sentence*
was served electronically on:

James Goeke
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

and a copy was hand delivered to:

U.S. Probation & Pretrial Services
222 W. 7th Avenue, #48, Room 168
Anchorage, AK 99513-7562

/s/Sue Ellen Tatter