NELSON P. COHEN
United States Attorney

JAMES A. GOEKE
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: 907/271-5071
Fax: 907/271-1500
james.goeke@usdoj.gov


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:05-cr-0004-RRB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **UNITED STATES'** |
| | ) | **OPPOSITION TO** |
| MATTHEW C. BAUER, | ) | **DEFENDANT'S MOTION** |
| | ) | **TO CORRECT SENTENCE** |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through the undersigned

Assistant U.S. Attorney, and opposes defendant Matthew Bauer's Motion to Correct

Sentence. The United States disagrees that the Court imposed the defendant's sentence in

this matter through "oversight or omission" as the defendant claims.

The defendant is serving a 60 month sentence after his conviction of the

manufacture of 100 or more marijuana plants in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(B). The defendant committed that crime while on supervised release following his

previous conviction for the manufacture of marijuana in 1999 (No. A99-0119-01 CR

(JWS)). In the instant matter, the defendant was eligible for a minimum 120 month

sentence pursuant to 21 U.S.C. § 841(b)(1)(B) and § 851 (together providing for the

doubling of mandatory minimum terms under Title 21 following a subsequent felony drug

conviction). The government chose not seek the enhanced penalty in light of the

defendant's decision to plead guilty. The defendant was, however, placed on notice of

the possibility of an enhanced sentence at his arraignment. Moreover, the United States

Sentencing Guidelines provision addressing the revocation of supervised release plainly

advises that:

> [A]ny term of imprisonment imposed upon the revocation of
> probation or supervised release shall be ordered to be served
> consecutively to any sentence of imprisonment that the
> defendant is serving, whether or not the sentence of
> imprisonment being served resulted from conduct that is the
> basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f).[1]

Now, the defendant seeks a further reduction in his sentence by requesting that the

Court reduce his statutorily required 60 month sentence by a further 245 days, claiming

that "[t]his problem can be corrected now if the court sentences Mr. Bauer to 60 months

minus 245 days" through Criminal Rule 36. Defendant's Motion to Correct Sentence,

---

[1] Of course, following the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), such provisions of the Guidelines are advisory.

U S v Bauer
3:05-cr-0004-RRB                              2

p. 2. Criminal Rule 36, however, by its terms applies to "clerical error". There was no

clerical error in this case. Rather, the defendant asks the Court to ignore the statutory

mandatory minimum sentence imposed in this case, in favor of a lighter sentence more to

his liking. Criminal Rule 36 does not permit such a result on the facts of this case.

        RESPECTFULLY SUBMITTED this <u>4th</u> day of December, 2006, at Anchorage,

Alaska.

                    NELSON P. COHEN
                    United States Attorney

                    <u>s/ James A. Goeke</u>
                    Assistant U.S. Attorney
                    Federal Building & U.S. Courthouse
                    222 West 7th Ave., #9, Rm. 253
                    Anchorage, AK 99513-7567
                    Phone: (907) 271-5071
                    Fax: (907) 271-1500
                    Email: james.goeke@usdoj.gov

**Certificate of Service**
I declare under penalty of perjury that
a true and correct copy of the foregoing
was sent electronically on
December 4, 2006 to Sue Ellen Tatter.

s/ James A. Goeke